

# The Attorney General of Texas

May 29, 1981

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John A. Traeger
Chairman
Committee on Intergovernmental
  Relations
Texas State Senate
Austin, Texas 78711

Opinion No. MW-347

Re: Whether Interlocal Cooperation
Act allows local governments
to enter into interlocal contracts
to provide all forms of insurance

Dear Senator Traeger:

You ask two questions regarding the Interlocal Cooperation Act, article 4413(32c), V.T.C.S. Your first question is as follows:

> Under the Interlocal Cooperation Act, do 'local governments,' acting together, have the statutory authority to purchase insurance to cover the governmental functions and services covered under section 3(2) of the Interlocal Cooperation Act?

The Interlocal Cooperation Act permits local governments to contract for the performance of governmental services. Local government is defined as follows:

> a county; a home rule city or a city, village, or town organized under the general laws of this state; a special district; a school district; a junior college district; any other legally constituted political subdivision of the State of Texas or any adjoining state; or a combination of political subdivisions.

Sec. 3(1).

Governmental functions and services is defined as follows:

> all or part of any function or service included within the following general areas: police protection and detention services; fire protection; streets, roads, and drainage; public health and welfare; parks; recreation; library services; museum services; waste disposal; planning; engineering; <u>administrative functions; and such other governmental functions</u> which are of mutual concern to the contracting parties. (Emphasis added).

Sec. 3(2).

The term administrative functions includes purchasing. Sec. 3(3). The contracts may be "for the performance of any governmental functions or services which all parties to the contract are legally authorized to perform. . . ." Sec. 4(b).

Since the statute expressly authorizes interlocal contracts for the purpose of purchasing, we believe that local governments may contract together to purchase an insurance contract covering risks which each party to the contract has independent authority to insure against.

We cannot, however, say that each kind of local government has authority to insure against risks arising out of all governmental functions and services listed in section 3(2). The Texas Tort Claims Act authorizes political subdivisions to purchase insurance to protect against claims brought thereunder. V.T.C.S. art. 6252-19, §9. Article 3.51-2(a), V.T.C.S., Insurance Code, authorizes political subdivisions to purchase group life, health, and accident insurance to cover employees. See also V.T.C.S. art. 1937 (county must purchase errors and omissions policy for county clerk). Where, however, no statute authorizes a political subdivision to purchase a particular kind of insurance, the decision as to the authority to do so has always been made on a case-by-case basis. See, e.g., Attorney General Opinions H-1300 (1978) (county may purchase a nonassessable policy from a reciprocal insurance exchange); H-958 (1977) (county may purchase insurance coverage for reserve deputy sheriffs limited to risk of loss for medical expenses voluntarily assumed under article III, section 52e of the Texas Constitution); H-70 (1973) (school district may purchase insurance to indemnify district against litigation expenses and damages where district is not immune).

We therefore, cannot conclude that each local government could contract under article 4413(32c), V.T.C.S., to purchase jointly with another political subdivision insurance to cover risks arising out of the enumerated governmental functions and services. Where, however, a statute or other law clearly provides that a county, for example, may purchase a particular kind of insurance, then it may purchase it jointly with another county under the Interlocal Cooperation Act.

Your second question is as follows:

> Under the Interlocal Cooperation Act, do 'local governments' have the statutory authority to form self-insurance pools as they have done in the workers' compensation and health fields to cover risks inherent in providing governmental functions and services?

Self insurance is a function of local governments if they do not purchase insurance. See V.T.C.S. arts. 6252-19, 6252-19b; Attorney General Opinion H-887 (1976). We believe local governments may contract to form self insurance pools to cover risks which each member is authorized to protect against. We express no opinion as to how such an insurance pool should be structured, and how obligations may be allocated among the members. See Attorney General Opinion H-1300 (1978). Nor can we state that each local government may join a pool to insure against each governmental function defined in section 3(2), in the absence of additional facts. Any agreement must of course be consistent with constitutional provisions.

## S U M M A R Y

Under the Interlocal Cooperation Act, local governments may act together to purchase insurance and form self insurance pools to cover governmental functions and services which each contracting local government has statutory or other legal authority to insure.

Very truly yours,

**M A R K   W H I T E**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
James Allison
Rick Gilpin
Jim Moellinger